NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1313
_____

NEWTON BRYAN,
Appellant

v.

CITY OF PHILADELPHIA, (Philadelphia Police Department); FRANE
MARKUSOVIC; NANCY GONZALEZ; KRYZSTOF WRZESINSKI; DANIELLE M.
OUTLAW; CAPTAIN  MASSEY; LIEUTENANT  JOHNSON; SHERESA PALMER;
ANDREA DUTCH; PATRICK TALARICO; GREGORY KOVACS; JORDAN SOUSA;
JOSEPH CAPPELLANO; DANA FANT; GILBERTO GUTIERREZ; TYRONE
BACON; TAMAMOTO; LOPEZ; GREGORY REDDICK; JOHN MASIEJCZYK;
THOMAS DEMPSEY; JOHN DOE ET AL 22-30 (Officers present at the scene but will
be identified through discovery); DISTRICT ATTORNEY OFFICE; LARRY
KRASNER; PATRICK KING; BRIAN SCHROEDER; ANDREW LAY; KENDAL
KESSLER; JOHN DOE ET AL (Prosecutors that will be identified through discovery)

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-06583)
District Judge:  Honorable Chad F. Kenney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2026
Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed July 17, 2026)
_____

OPINION*
_____

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Newton Bryan appeals pro se the District Court's order dismissing his complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). We will affirm.

I.

Bryan filed this civil rights action under 42 U.S.C. § 1983. He alleges that the City of Philadelphia, Philadelphia Police Department, some of its officers, the Philadelphia District Attorney Office, the Philadelphia District Attorney, and various Assistant District Attorneys violated his civil rights in conjunction with a 2022 arrest and 2023 prosecution. According to Bryan, during his arrest the arresting officer pinned him to a truck, threw him to the ground, tased him, and never read him *Miranda* rights. The arresting officer manipulated body camera footage using artificial intelligence, body camera footage for all other on-scene officers was also altered, dash camera footage went "missing," and footage that played in court was altered to remove scenes. Philadelphia police officers covered up this misconduct and conspired with attorneys at the District Attorney's Office to falsely charge Bryan. The District Attorney, Larry Krasner, approved the charges despite knowing that video footage and the police report were fabricated. An Assistant District Attorney forced him to answer questions regarding the fabricated footage and report. His counsel's requests for original body camera footage and footage from surrounding video cameras were denied in violation of *Brady v. Maryland*, undermining his ability to put on an adequate defense. *Id.* And the former

2

Commissioner of the Philadelphia Police Department, Danielle Outlaw, did not prevent the misconduct.

Bryan brought claims for violations of his Fourth Amendment right to be free from unreasonable seizure and excessive force, his Sixth Amendment right to a fair trial, his Fourteenth Amendment right to due process based on tampering and withholding body camera footage and failing to disclose exculpatory evidence, his right to information under the Freedom of Information Act ("FOIA"), and his First Amendment right to freedom of speech. He also brought malicious prosecution and false arrest claims. He sought money damages, injunctive relief related to evidence in his state case, a federal investigation into the Philadelphia Police Department and District Attorney's Office, an order requiring the defendants to submit to polygraph examinations, and a declaratory judgment that his constitutional rights were violated.

After granting Bryan leave to proceed in forma pauperis, the District Court screened his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). The District Court dismissed his malicious prosecution, due process, and fair trial claims without prejudice and dismissed all other claims with prejudice. This timely appeal followed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of his complaint for failure to state a claim. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

3

## III.

In his brief, Bryan merely asserts that the District Court did not "properly consider factual allegations" concerning body camera footage and "improperly applied the law under 42 U.S.C. § 1983 and constitutional due process principles…." But he does not explain how the District Court erred and has thus forfeited any issues on appeal. *In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (stating that litigants forfeit claims that they fail to develop in an opening brief).

Nonetheless, out of an abundance of caution we have considered the District Court's decision and agree that Bryan's malicious prosecution, Fourteenth Amendment due process, and Sixth Amendment fair trial claims are barred because his conviction has not been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As the District Court explained, Bryan's false arrest and excessive force claims are time-barred. We further agree that the District Court that Bryan's FOIA claim fails because FOIA is inapplicable to the defendants, who are not federal actors. Finally, we agree that Bryan's reference to the First Amendment does not sufficiently raise an issue.

## IV.

For these reasons, we will affirm the judgment of the District Court.